**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT VAUGHN SMITH, | No. 21-15532 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02657-MTL-ESW |
| v. | |
| CHARLES L. RYAN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Arizona state prisoner Albert Vaughn Smith appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo legal

rulings on exhaustion and for clear error disputed issues of material fact.  *Albino v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc).  We affirm.

The district court properly granted summary judgment because Smith failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 578 U.S. 632, 638, 642-44 (2016) (holding that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

**AFFIRMED.**